ORDER
SAYRE, JUDGE:
An application of the claimant, Kate Cosby Cardwell, for an award under the West Virginia Crime Victims Compensation Act, was filed January 13,2005. Thereport of the Claim Investigator, filed February 10, 2006, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on April 21,2006, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed April 28, 2006. This matter came on for hearing October 5,2007, claimant appearing pro se and the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General.
On November 3, 2004, the claimant’s 24-year-old grandson, Rashaad Deshon Cosby, was the victim of criminally injurious conduct in Princeton, Mercer County. The victim was shot fatally by two assailants at his friend’s residence.
The Court’s initial denial of an award was based on the Claim Investigator’s finding that the victim was not an innocent victim of crime. W.Va. Code § 14-2A-3(1) states:" ‘Contributory misconduct’ means any conduct of the claimant, or of the victim through whom the claimant claims an award, that is unlawful or intentionally tortious and that, without regard to the conduct's proximity in time or space to the criminally injurious conduct, has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained...”
The claimant testified at the hearing of this matter that on November 2, 2007, her grandson was attending brick masonry classes at Mercer Technical School and when his classes were over, he decided to spend the night at his friend’s house in Princeton. The claimant stated that her grandson was shot and killed that night while staying at his friend’s house. The evidence established that the assailants went to the residence because they conspired to rob the victim of cocaine. The claimant testified that she was aware that her grandson’s friend was involved in using drugs. There was evidence produced at the hearing that the victim’s assailants had removed $240.00 in cash from the victim after he was murdered, and the claimant testified that he did not have this money earlier that day when she dropped him off at Mercer Technical School.
The Claim Investigator’s original finding was that the victim was guilty of contributory misconduct within the meaning of the statute. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that he was not guilty of contributory misconduct. The police report indicated that cocaine was found in the victim’s blood. There was no evidence presented that the claimant was not guilty of contributory misconduct.
Although the Court is sympathetic to the claimant in this tragic situation, the Court is constrained by the evidence to stand by its previous ruling; therefore, this claim must be, and is, hereby denied.